UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK HALL,

        Plaintiff,                                FILE NO. 2:06-CV-193

v.                                               HON. ROBERT HOLMES BELL

DAVID J. BURNETT, et al.,

        Defendants.
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge for initial screening, pursuant to the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996). The Magistrate Judge issued a Report and Recommendation ("R&R") (docket #3), recommending that this Court dismiss the action for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (providing that "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #5). For the reasons that follow, in accordance with an intervening change in the law, Plaintiff's objections are sustained, the R&R is rejected and Plaintiff's action is ordered served.

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

At the time his complaint was filed, Plaintiff was housed at the Marquette Branch Prison (MBP).[1] Plaintiff has sued Michigan Department of Corrections Special Activities Director David Burnett and MBP Chaplain Assistant Thomas Prisk. According to the complaint, Plaintiff converted to Orthodox Judaism in 2001. Plaintiff alleges that Defendants violated his First Amendment right to fulfill the tenets of his religion by repeatedly denying his requests for a Kosher diet.

The Magistrate Judge recommended that the complaint be dismissed without prejudice because Plaintiff failed adequately to allege or demonstrate that he had exhausted his prison administrative remedies. In his objections, Plaintiff argues that he expressly stated in his complaint that he had exhausted his claims at all three steps of the prison grievance process on more than one occasion, listing the identification number of his 2006 grievance, and he provides additional details about those grievances. Simultaneous with the filing of his objections, Plaintiff has filed a purported amendment to his complaint, attaching copies of the 2006 grievance and appeals.

Since the date on which the Magistrate Judge issued his R&R, the Supreme Court has decided *Jones v. Bock*, 127 S. Ct. 910 (2007), holding that exhaustion of administrative

---

[1] Plaintiff since has been transferred to the Alger Maximum Correctional Facility.

remedies under 42 U.S.C. § 1997e(a) is an affirmative defense that may not be decided by a district court *sua sponte*. As a consequence, the Magistrate Judge's recommendation, while consistent with then-current Sixth Circuit precedent, must be rejected.

Further, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. §1915(e), §1915A and 42 U.S.C. § 1997e(c), to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant that is immune from such relief. Upon initial review, the Court concludes that the complaint is not subject to dismissal for any of the reasons listed above. Therefore,

**IT IS ORDERED** that Plaintiff's objections to the R&R (docket #5) are **SUSTAINED** and the R&R (docket #3) is **REJECTED.**

**IT IS FURTHER ORDERED** that the Clerk shall arrange for service of summons and complaint (docket #1) and the supplement to the complaint (docket #4), along with a copy of this order, upon Defendants.

**IT IS FURTHER ORDERED** that Defendants shall reply to the complaint after service in accordance with the following:

(a)  if a Defendant contends that the Plaintiff has failed to exhaust his administrative remedies as to one or more claims contained in the complaint, the alleged failure must be raised in a motion for summary judgment filed within thirty days after service of the complaint. *See* 42 U.S.C. § 1997e(g)(2).

        The failure to raise exhaustion as directed by this order may result in a waiver of the defense.  **Any motion asserting the exhaustion defense must be limited to that issue only**.  A Defendant asserting the exhaustion defense will have the opportunity to raise any other defense in a future motion or pleading;

        **or**

(b)    if a Defendant chooses not to raise the exhaustion defense, that Defendant shall reply to the complaint by way of answer, motion to dismiss, or motion for summary judgment within the time allowed by law.  *See* 42 U.S.C. § 1997e(g)(1).


Date:  February 22, 2007        /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT JUDGE