UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK HALL #222032,

        Plaintiff,               Case No. 2:06-cv-193

v.                                      Honorable Robert Holmes Bell

DAVID BURNETT, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Mark Hall, an inmate currently confined at the Alger Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Special Activities Director David Burnett and Chaplain Assistant Thomas Prisk.  Plaintiff claims that Defendants have improperly denied his requests for a Kosher diet.  For relief, Plaintiff requests compensatory damages and equitable relief.

Presently before the Court is the Defendant Burnett's Motion to Revoke Pauper Status and to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff has three strikes. Because Defendant Burnett has asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply.  *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and

admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Burnett asserts that the dismissals in the following cases constitute strikes pursuant to 28 U.S.C. § 1915(g): *Hall v. Mayer*, 2:96-cv-62, *Hall v. MDOC*, 4:01-cv-140, *Hall v. MDOC*, 4:02-cv-145, *Hall v. Crowley*, 2:96-cv-107, and *Hall v. Crowley*, 2:99-cv-83. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The undersigned notes that only two of the cases cited by Defendant Burnett actually constitute strikes pursuant to 28 U.S.C. § 1915(g). *Hall v. MDOC, et al.*, 4:01-cv-140 (W.D. Mich. Oct. 2, 2001) and *Hall v. Crowley, et al.*, 4:02-cv-145 (W.D. Mich. Sept. 4, 2002) were both dismissed for failure to state a claim upon which relief may be granted. However, *Hall v. Crowley*, 2:96-cv-107 (W.D. Mich. Oct. 13, 1998) and *Hall v. Crowley*, 2:99-cv-83 (W.D. Mich. Jun. 8, 1999) were both habeas corpus actions, and do not count as strikes for purposes of Section 1915(g). Moreover, *Hall v. Mayer, et al.*, 2:96-cv-62 (W.D. Mich. Apr. 11, 1997) was dismissed following a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a dismissal does not constitute a strike pursuant to Section 1915(g).

In summary, in the opinion of the undersigned, Defendant Burnett's Motion to Revoke Pauper Status and to Dismiss (docket #13) is properly denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated:   April 4, 2007